**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| oAzium Collective, LLC, an Arizona limited liability company dba Waves in Motion, | No. CV 05-3217-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Vincenzo Mennano and Maria Mennano, husband and wife, FM Nexus, LLC, a California limited liability company; Beezwax Datatools, Inc., a California corporation, | |
| Defendants. | |
| Counterclaims and Third-Party Claims | |

Currently before the Court is Third-Party Defendant Robert W. Dunaway's ("Third-Party Defendant Dunaway") Motion to dismiss the Third-Party Complaint. (Dkt.#12). After reviewing the pleadings the Court issues the following Order.

**I.     Background**

On August 26, 2005, Plaintiff oAzium Collective, LLC ("Plaintiff") filed an action in the Superior Court of the State of Arizona in and for the County of Maricopa under case number CV 2005-052027 against Vincenzo and Maria Mennano, FMNexus, and Beezwax Data Tools, Inc., (collectively "Defendants"). On October 12, 2005, Defendants filed a Notice of Removal to this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

1  (Dkt.#1). On October 12, 2005, the Defendants filed their Answer in this matter. (Dkt.#4).
2  On October 19, 2005, Defendant Vincenzo Mennano ("Defendant Mennano") filed a Third-
3  Party Complaint against Third-Party Defendant Dunaway and Third-Party Defendant Marcus
4  Silving ("Third-Party Defendant Silving"). Defendant Mennano asserts the following claims
5  against Third-Party Defendant Dunaway: (1) Intentional Fraud; (2) Equitable Indemnity; and
6  (6) Declaratory Relief.  (Third-Party Complaint ("Compl.") ¶'s 7-52).

7  The Complaint asserts the above claims arise out the filing of Articles of Organization and
8  the drafting of a limited liability Operating Agreement in the formation of oAzium, LLC in
9  Arizona. (Compl. ¶ 9).  Specifically, Third-Party Defendant Dunaway is alleged to be the
10 attorney who represented both Third-Party Defendant Marcus Silving and Defendant
11 Mennano in the drafting of these documents in forming oAzium. (Compl.¶9).  Defendant
12 Mennano alleges that Third-Party Defendants Dunaway and Silving "knowingly and falsely"
13 represented to Defendant Mennano that the requirements specified by Defendant Mennano
14 were incorporated into the Operating Agreement. (Compl.¶13).  The three requirements that
15 Defendant Mennano alleges that he communicated to Third-Party Defendants Dunaway and
16 Mennano are: (1) that Mennano and Silving were to have equal ownership; (2) that Mennano
17 and Silving were to have equal control and (3) the new company was to have a mechanism
18 permitting Mennano to extract himself on an expedited basis and retain at least non-exclusive
19 rights in the software assets if he felt the company was not operating satisfactorily.
20 (Comp.¶12).  Defendant Mennano alleges that upon giving notice of his intent to leave in
21 June 2004, he was met with resistence and was rejected from a position at Apple Computer
22 Company based upon a representation from Third-Party Defendant Silving. (Compl.¶18).

23 Third-Party Defendant now moves to dismiss Third-Party Plaintiff's claims pursuant to
24 Rule 12(b)(6) Fed.R.Civ.P. for failure to state a claim.  In making this motion, Third-Party
25 Defendant attaches his declaration as well as the subject Operating Agreement.  Defendant
26 Mennano opposes the Motion.

27

28 **II.        Legal Standard**

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Wyler Summit Partnership v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998). As such, an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss for failure to state a claim. Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

Moreover, Rule 12(b)(6) Fed.R.Civ.P. provides that a motion to dismiss must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." However, if the court does not rely on the extraneous matters, the motion to dismiss will not be converted into a motion for summary judgment. See North Star Intern. v. Arizona Corp. Commission, 720 F.2d 578, 581-82 (9th Cir. 1983)

**III.     Analysis**

Third-Party Defendant Dunaway provides no legal basis for dismissal at this early stage in the lawsuit. The core argument advanced by Third-Party Defendant Dunaway is that the facts alleged by Third-Party Plaintiff Mennano are simply not accurate. For instance, Third-Party Defendant Dunaway states that "at no time did Mennano ever request the inclusion of the three requirements in the Operating Agreement referenced in paragraph 12 of the Complaint." (Dunaway Motion, p.2). Additionally, he alleges that he simply completed the Operating Agreement pursuant to the wishes of both Mennano and Silving and that both Mennano and Silving read and signed the Operating Agreement with little to no input from Third-Party Defendant Dunaway. (Id.)

While, Third-Party Defendant Dunaway's claims may possess merit, the Court is obligated to accept Defendant Mennano's allegations in the Complaint as true. Wyler Summit, 135

1  F.3d at 661.  As such, Third-Party Defendant Dunaway's factual challenges cannot form the
2  basis for dismissal under Rule 12(b)(6).  See Lee v. City of Los Angeles, 250 F.3d 668 (9th
3  Cir. 2001) (stating that "factual challenges to a plaintiff's complaint have no bearing on the
4  legal sufficiency of the allegations under Rule 12(b)(6)").  These factual matters  must be
5  play out in the course of discovery and are typically reserved for the finder of fact.  As such,
6  the Court will deny Third-Party Defendant Dunaway's Motion to dismiss.

   Lastly, in determining that the Third-Party Complaint adequately states a claim against
8  Third-Party Defendant Dunaway, the Court points out that it has not considered the
9  extraneous documents submitted by Third-Party Defendant Dunaway in support of his
10 Motion and thus the present Motion is not converted into a motion for summary judgment.
11 See North Star, 720 F.2d at 581-82.

12 **Accordingly,**

13 **IT IS HEREBY ORDERED** denying Third-Party Defendant Dunaway's Motion to
14 Dismiss Third-Party Complaint. (Dkt.#12).

15 DATED this 16th day of May, 2006.

_____
Mary H. Murguia
United States District Judge